HOEY v. FECHTENBERG.

(Supreme Court, Appellate Term.   November 29, 1907.)

1. PARTNERSHIP—DEBTS OF PARTNERSHIP—PROFITS—OVERDRAFT.

Where partnership articles provided that defendant and another partner might draw $500 a month on account of prospective profits until June 30, 1905, and that thereafter defendant could draw an additional $500 a month, if in the judgment of the partners the business warranted such payments, and that the amounts so drawn should be charged against the shares of the profits of the parties withdrawing the same, an overdraft by defendant on account of profits unearned constituted a liability of defendant to the firm, which passed as an asset on a transfer of the firm's property and business to a corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 95.]

2. ESTOPPEL—REPRESENTATIONS.

Where defendant, a member of a firm, kept its books of account, on which appeared an overdraft of profits unearned by him at the time the firm's business and property was transferred to a corporation, the record of such overdraft in the firm's books constituted an implied promise on defendant's part to pay the same, precluding him from claiming as a defense against the corporation that he originally withdrew the money under a claim of right.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 218–234.]

Appeal from City Court of New York, Trial Term.

Action by James J. Hoey, as temporary receiver of the Scaglioline Brick & Fireproofing Company, against William Fechtenberg.   From an order of the New York City Court setting aside a verdict in favor of plaintiff and granting a new trial, plaintiff appeals.   Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

William D. McNulty, for appellant.

Jacob Newman (Francis W. Russell, of counsel), for respondent.

PER CURIAM.   On or about March 7, 1905, defendant entered into partnership with one Ernest May and one J. Hansen Fechtenberg to carry on business under the name of the Scaglioline Brick & Fireproofing Company.   One of the articles of copartnership provided that defendant and said Ernest May should "draw on account of the prospective profits of said business the aggregate sum of five hundred dollars monthly until the 30th day of June, 1905," and that, "if the said business in the judgment of the parties to this contract warrants, the said parties may withdraw on account of the profits an additional sum of five hundred dollars per month during the continuance of this agreement, so that each of the parties of the first and second parts may withdraw monthly from said business the sum of five hundred dollars, which sum shall be charged against the shares of the profits of said parties so withdrawing the same."   On September 29, 1905, the partnership firm assigned the whole of its profits and assets to the Scaglioline Brick & Fireproofing Company, a corporation, in consideration for which the corporation issued all of its capital stock to the said firm, or its members, and assumed certain liabilities of

said firm. The corporation subsequently went into voluntary dissolution, and plaintiff was appointed receiver in such proceeding. It appears that between March 2d and September 29th defendant had drawn from the firm $1,730.20, to recover which sum the receiver of the insolvent corporation brought this suit for the benefit of its creditors. The jury brought in a verdict for the plaintiff for the full claim, but the court set it aside, and from the order entered thereon, setting aside the verdict and granting a new trial, plaintiff appeals.

It is plaintiff's contention that this sum of $1,730.20 was an indebtedness on the part of defendant to the firm, and was a part of the assets transferred to the corporation by said firm. It will be seen from the articles of copartnership, in force up to the time of the assignment to the corporation, that defendant was at liberty to draw $500 a month up to June 30, 1905, and that thereafter he could draw an additional $500 a month, if in the judgment of the parties the business warranted such payments. The amount withdrawn by defendant came well within these figures, and defendant claims that the fact that the amount was charged against his account on the books of the firm does not imply that he was indebted to the firm for that amount, but simply that this amount was to be deducted from his share of the profits, in accordance with the above-quoted article of copartnership. The bill of sale, however, was executed by the firm as such, and it was the manifest intention of all the parties concerned that the transfer was to include all of the rights and assets of the firm, as such, and not merely the individual interest or right of the respective partners. The withdrawals of $500 a month by defendant are expressly stated in the above-quoted article of copartnership to be "on account of the prospective profits of said business * * * * until the 30th day of June, 1905," and the withdrawals of the additional $500 a month are stated to be "on account of profits." It appears from the practically undisputed testimony of the expert accountant, who examined the books of the firm, that not only were there no profits, but there was a net deficit of about $4,984. The defendant's withdrawals of the firm funds, therefore, must be held to have constituted an overdraft of profits. A partner must account to the firm for his overdraft of profits, and this liability is to be considered as an asset of the firm, which, in the case at bar, was transferred to the corporation of which plaintiff is receiver. The defendant himself kept the books of the partnership, and on these books this sum of $1,730.20 is entered as a debt due from him to the firm at the time of the transfer to the corporation, and the plaintiff urges that defendant, having thus by his own act represented to the corporation that this sum, · as appearing upon the books of the firm, was a debt due by him to the firm, and having on the faith of this representation procured from the corporation a valuable consideration—i. e., its capital stock and the assumption of certain liabilities—should be held to be estopped to deny the correctness of the firm records which he himself kept. It seems to us that, having, at the time of the transfer, through the records of the firm, made the representation to the corporation that this amount of $1,730.20 was due from him to the firm, and by implication promised to pay it, defendant is barred from deriving any

benefit from the fact, assuming such to be the fact, that the money was originally withdrawn by him under a claim of right. There appears to be sufficient evidence to sustain the finding of the jury, and we are of opinion that the learned court below fell into error in setting aside the verdict.

.The order.is reversed, with costs and disbursements, and the verdict reinstated, with costs.

